```
          IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF ARKANSAS
                     WESTERN DIVISION
```

NICIE A. (SMITH) DILLEHAY                                   Plaintiff

v.                              4:05CV00142 JLH/JFF

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                    Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Nicie A. (Smith) Dillehay, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.  Plaintiff also

filed a "Plaintiff's Motion to Suppress Erroneous Information Supplied in Defendant's Brief of 12-1-05" which the Court has construed as a reply brief to Defendant's brief.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable

by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on a myriad of physical and mental problems, including high blood pressure, vision problems, depression, anxiety, chronic fatigue, migraine headaches, shortness of breath and obesity.  (Tr. 119)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through January 15, 2004, the date of his decision.  (Tr. 20)  On December 4, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7)  Plaintiff then filed her complaint initiating this appeal. (Docket #2)  Although she was represented by counsel at the administrative hearing, she is proceeding pro se on this appeal.

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 47 years old at the time of the hearing.  (Tr.

389) She is a high school graduate with four years of college. (Tr. 115, 389)  She has past relevant work as a registered nurse, convenience store clerk and flower delivery person.  (Tr. 18)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(b) (2003).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment.  Id., § 404.1520(c).  If not, benefits are denied.  Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling.  Id., § 404.1520(d).  If so, and the duration requirement is met, benefits are awarded.  Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence.  Id., § 404.1520(e).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s),

4

to perform the physical and mental demands of past relevant work. Id., § 404.1520(f).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 404.1520(g).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 15, 1999. (Tr. 19)  He found that Plaintiff had "severe" impairments, essential hypertension, fibromyalgia, migraine headaches, a knee disorder and an affective mood disorder, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  Id.

The ALJ found that Plaintiff retained the residual functional capacity to perform a significant range of light work. (Tr. 20) He concluded that she was unable to perform any of her past relevant work.  (Tr. 19)  He correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 18) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform,

notwithstanding her limitations, for example, assembler, laborer and hand packer. (Tr. 19, 20) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 20)

In her brief and reply brief, Plaintiff notes a number of errors on the part of the ALJ. As she notes, in his opinion he refers to jobs in Texas. (Tr. 19) The ALJ is apparently from Texas. (Tr. 10) The ALJ cited to the numbers of jobs in Arkansas to which the vocational expert testified. (Tr. 415) Those are the same numbers cited in the ALJ's opinion. (Tr. 19) He simply got the state wrong. That is no more than scrivener's error.

As Plaintiff noted in her brief, there are some sentences in the opinion which do not make sense. For instance, in deciding her residual functional capacity, the ALJ stated ". . . and she would be able to perform fine manipulations due to being legally blind." (Tr. 15) No doubt, he meant to say "<u>un</u>able." In detailing her testimony, he wrote, "She has short-term memory." (Tr. 16) Plaintiff testified that she had short-term memory problems. (Tr. 389) At one point, the ALJ refers to a small soft tissue mass on her knee, and indicates that it was not thought to be significant. (Tr. 16) He then refers to it as being significant. (Tr. 17) The ALJ mentions that Plaintiff testified that she occasionally danced. (Tr. 16, 17) However, the Court has read all of Plaintiff's testimony and there is no mention of dancing. Although he correctly noted that Plaintiff was 47 years old (Tr. 18), he stated that she was 43 in his hypothetical question. (Tr. 415) There is at least some

distinction.  "The term *younger individual* is used to denote an individual age 18 through 49.  For individuals who are age 45-49, age is a less advantageous factor for making an adjustment to other work than for those who are age 18-44."  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h)(1) (2003).  Such discrepancies have a tendency to undermine the ALJ's conclusion.  See Baumgarten v. Chater, 75 F.3d 366, 368-69 (8th Cir. 1996)(several inconsistencies relied upon by ALJ not supported by record).

More troubling is the ALJ's treatment of her weight.  He noted that in early 2003, she was 5'6" tall and weighed 276 pounds.  (Tr. 15)  He related her testimony that she was 5'6" and weighed 285 pounds.  (Tr. 16)  At another point, she was 5'6" and weighed 283.  (Tr. 17)  However, he never discussed whether she was obese and there is no indication that he considered her weight and its impact on her ability to work.  At least one physician diagnosed morbid obesity and recommended, "She really must lose weight."  (Tr. 379)  Under the circumstances, it was reversible error for the ALJ to fail to discuss her weight.  The effects of Plaintiff's obesity must be evaluated.  Social Security Ruling 02-1p.  If obesity significantly restricted Plaintiff's ability to perform sedentary work, its impact  must be considered by the vocational expert.  Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997).

This case must be remanded for consideration of the impact of Plaintiff's obesity.  While the case is on remand, the ALJ may want to re-contact Carla Anderson, M.D., who submitted a Medical Source

Statement of Ability to do Work-related Activities (Physical).  (Tr. 332-34)  Her conclusions are contradictory and it appears that changes were made to some of her findings and annotations were added to the form.[1]

Based on the preceding and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence.

THEREFORE, it is recommended that the Commissioner's decision be reversed and remanded for action consistent with this opinion.  All other pending motions are rendered moot.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

DATED this 2nd  day of August, 2006.

/s/ John F. Forster, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[1] There are problems with the use of such forms.  <u>See</u> <u>Holmstrom v. Massanari</u>, 270 F.3d 715, 721 (8th Cir. 2001)(checklist format, generality and incompleteness of assessments limited their evidentiary value); <u>Cantrell v. Apfel</u>, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions); <u>Taylor v. Chater</u>, 118 F.3d 1274, 1279 (8th Cir. 1997)(residual functional capacity checklists, although admissible, entitled to little weight in evaluation of disability).

Case 4:05-cv-00142-JLH   Document 24   Filed 08/02/06   Page 9 of 9